IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT J. BARTELS,<br><br>        Plaintiff,<br><br>    v.<br><br>JEWEL FOOD STORES, INC.<br><br>        Defendant. | No. 18-cv-04464<br><br>Judge Robert M. Dow, Jr. |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Jewel Food Stores, Inc. ("Jewel" or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., and for its *Answer And Affirmative Defenses To Plaintiff's Complaint*, states as follows:

1. This is an action for employment discrimination.

**ANSWER:** Defendant admits that Plaintiff has filed a claim alleging employment discrimination but denies that Plaintiff was subjected to unlawful discrimination or is entitled to any relief.

2. The plaintiff is Robert J. Bartels of the County of Kane in the State of Illinois.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the veracity of the allegation regarding Plaintiff's statement about his current residency and the same is accordingly denied.

3. The defendant is Jewel/Osco, whose street address is 1177 S. Main Street, Lombard, Illinois. Defendant's telephone number is 630-953-1390.

**ANSWER:** Defendant admits that it operates a store located at 1177 S. Main Street, Lombard, Illinois and that the store telephone number is 630-953-1390.

4. The plaintiff sought employment or was employed by the defendant at 1177 S. Main Street, Lombard, Illinois 60148.

**ANSWER:** Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:** Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about September 12, 2016.

**ANSWER:** Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.1 (a) The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies: (i) the United States Equal Employment Opportunity Commission, on or about November 10, 2016; (ii) the Illinois Department of Human Rights, on or about January 13, 2017.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not filed in this case.

**ANSWER:** Defendant admits that it is not a federal government agency. Defendant further admits that pages 12 and 13 of the 40-page Complaint appear to be a Charge of Discrimination that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") on or about January 13, 2017. Defendant is without sufficient knowledge or information to form a belief as to the veracity of the allegations regarding Plaintiff's statement about his filing a charge with the IDHR on or about January 13, 2017 and the same is accordingly denied. Defendant is without sufficient knowledge or information to form a belief as to the veracity of the allegations regarding Plaintiff's statement about his filing a charge with the EEOC on or about November 10, 2017 and the same is accordingly denied. Defendant admits that a copy of Plaintiff's EEOC Charge filed on or about January 13, 2017, was attached

to this Complaint, but denies that a copy of Plaintiff's alleged charge to the IDHR on January 13, 2017, was attached to the Complaint. As set forth in *Defendant's Motion To Dismiss Plaintiff's Complaint*, Defendant denies that the Charge filed with the EEOC on January 13, 2017 asserts the acts of discrimination indicated in this complaint.

       7.2    (a)    The defendant is a governmental agency, (a) the plaintiff previously filed a filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in his court complaint on June 25, 2018. The plaintiff received a Final Agency Decision on (month) _____(day) _____(year) _____. A copy of the Complaint of Employment Discrimination is NOT attached, but a copy will be filed within 14 days.

**ANSWER:** Defendant denies that it is a governmental agency. Accordingly, the remaining allegations in Paragraph 7.2 are inapplicable. To the extent a response is required, Defendant denies the allegations in Paragraph 7.2 of Plaintiff's Complaint.

       8.    The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on March 30, 2018, a copy of which *Notice* is attached to this complaint.

**ANSWER:** Defendant admits the EEOC issued its *Dismissal and Notice of Rights* on or around March 30, 2018. Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegation regarding when Plaintiff received the *Dismissal and Notice of Rights*.

       9.    The defendant discriminated against the plaintiff because of the plaintiff's Disability (Americans with Disabilities Act or Rehabilitation Act).

**ANSWER:** Plaintiff's allegations in Paragraph 9 are subject to *Defendant's Motion To Dismiss Plaintiff's Complaint*, and therefore, no answer related to these allegations is required at this time. To the extent an answer is required, Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:** No answer is required to Paragraph 10 of Plaintiff's Complaint.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:** Defendant admits this Court has jurisdiction over this action but denies that Plaintiff is entitled to any relief.

12. The defendant: (c) failed to promote the plaintiff; (e) failed to reasonably accommodate the plaintiff's disabilities; (f) failed to stop harassment; and (g) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above.

**ANSWER:** Plaintiff's claims in Paragraph 12 of his Complaint are subject to *Defendant's Motion To Dismiss Plaintiff's Complaint*, and therefore, no answer related to these allegations is required at this time. To the extent an answer is required, Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. The facts supporting the plaintiff's claim of discrimination are as follows: I was hired by Respondent on or about November 2, 2015. My most recent position was Bagger/cart. Respondent was aware of my disability. During my employment, I was subjected to harassment and different terms and conditions of my employment, including, but not limited to, having my hours reduced and being made to perform tasks outside my prescribed responsibilities. I complained to no available [sic]. Subsequently, I was constructively discharged. I believe I have been discriminated against because of my disability and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990 as amended.

**ANSWER:** Plaintiff's claims in Paragraph 13 of his Complaint are subject to *Defendant's Motion To Dismiss Plaintiff's Complaint* and therefore, no answer related to these

allegations is required at this time. To the extent an answer is required, Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:** Plaintiff does not claim age discrimination. Thus, no answer is required to Paragraph 14 of Plaintiff's Complaint.

15. The plaintiff demands that the case be tried by a jury.

**ANSWER:** Defendant admits the allegation in Paragraph 15 of Plaintiff's Complaint. Defendant does not demand a jury trial.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff: (e) Direct the Defendant to reasonably accommodate the plaintiff's disabilities; and (g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and exert witness fees.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 16 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, his claims for relief are barred. Plaintiff alleges that he received the Notice of Right to Sue from the EEOC on March 30, 2018, but did not file this action until August 14, 2018. Accordingly, Plaintiff's Complaint is untimely.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred to the extent that it fails to satisfy all requisite conditions precedent to filing this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff may not recover any relief for alleged incidents of discrimination or retaliation not listed in his Charge of discrimination.

### FOURTH AFFIRMATIVE DEFENSE

The employment decisions about which Plaintiff complains were based upon legitimate, nondiscriminatory factors and not a discriminatory or unlawful animus.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's prayer for relief must fail to the extent that he has failed to mitigate his damages as required by law. Alternatively, if Plaintiff did mitigate his alleged damages, Defendant is entitled to an offset against any damages allegedly due Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages and hence can only recover nominal damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Any request by Plaintiff for punitive damages fails because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights and at all times acted in good faith.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damages, such damage was caused by and is the responsibility of persons, parties, or entities other than Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff is not a qualified individual with a disability within the meaning of the ADA.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's disability claims are barred on the grounds and to the extent that Plaintiff could not perform the essential functions of the job with or without accommodation.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of the case. Defendant will rely upon each and every defense that may become known during the course of this litigation, including discovery, trial, or otherwise.

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant Jewel Food Stores, Inc. prays that Plaintiff Robert Bartels's Complaint be dismissed in its entirety and with prejudice, that Plaintiff take nothing by this Complaint, and that the Defendant be awarded its reasonable costs and such other relief as this Court deems proper.

Dated: October 22, 2018

Respectfully submitted,

JEWEL FOOD STORES, INC.

By: /s/ Amardeep. K. Bharj
    One of Its Attorneys

Jennifer L. Schilling
Amardeep K. Bharj
Littler Mendelson, P.C.
321 North Clark Street, Suite 1000
Chicago, IL  60654
Telephone: 312.372.5520
Facsimile:  312.372.7880
*jschilling@littler.com*
*abharj@littler.com*

-3-

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on October 22, 2018, she caused a copy of ***Defendant's Answer and Affirmative Defenses To Plaintiff's Complaint*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, and sent a copy of said filing via U.S. Mail, postage prepaid, upon the following Pro-Se, non-ECF participant::

Robert J. Bartels<br>
1499 S. Pembroke Drive<br>
South Elgin, Illinois 60177

                                                          */s/ Amardeep K. Bharj*
                                                            Amardeep K. Bharj